JULIO, MARÍA, DIEGO, LUIS-FELIPE, EMILIO, MERCEDES y MIGUEL ORTIZ SANDOVAL, herederos y sucesores de Don Julián Ortiz y Sainz, demandantes y apelantes, *v.* MODESTO ORTIZ MARTÍNEZ y GERMÁN ORTIZ PASTRANA, como liquidadores de la Sociedad J. ORTIZ & Co., demandados y apelados.

No. 3592.—*Visto:* Mayo 8, 1925. *Resuelto:* Julio 24, 1925.

APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—ESCRITO DE APELACIÓN—FALTA DE NOTIFICACIÓN A UN CO-DEMANDADO.—Sostenida una excepción previa de falta de causa de acción contra un co-demandado y sin lugar en cuanto al otro, y desestimada posteriormente la demanda por haber insistido éste en

su excepción mencionada, la falta de notificación del escrito de apelación al primero priva al Tribunal Supremo de jurisdicción para conocer de dicha apelación y debe ser ésta desestimada.

Moción sobre desestimación de apelación. *Con lugar.*

*L. Abella Blanco,* abogado de los apelantes; *Francisco Soto Gras* e *Ignacio Hernández,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Una moción para desestimar una apelación, oída conjuntamente con el caso sobre sus méritos, debe prevalecer. El demandante estableció demanda contra Modesto Martínez y Germán Ortiz Pastrana como liquidadores de la mercantil de J. Ortiz y Compañía. La demanda alegaba que la disolución de dicha firma tuvo lugar el día 20 de marzo de 1910, siendo ambos demandados miembros de la referida mercantil. Los demandantes son los herederos del socio principal de dicha firma, Julián Ortiz y Sainz. La demanda también alegaba que los demandados en el año 1911, ocultando la disolución anterior, indujeron a la viuda en su nombre propio y en el de sus menores hijos, a entrar en una nueva disolución y liquidación. La teoría era que de la anterior disolución y liquidación los demandantes hubieran adquirido más. Los demandados excepcionaron la demanda.

La Corte de Distrito de San Juan declaró sin lugar la excepción previa en cuanto a Modesto Ortiz Martínez y la sostuvo en cuanto a Germán Ortiz Pastrana, en efecto porque la responsabilidad de este último no constaba de las manifestaciones vagas contenidas en la demanda. El demandado Modesto Ortiz Martínez contestó entonces. El caso fué celebrado en enero 11, 1925. El demandado Modesto Ortiz Martínez, representado por un nuevo abogado, insistió otra vez, como era su derecho, en que la demanda no determinaba una causa de acción. La corte, muy acertadamente, si estuvo convencida de que su anterior decisión era errónea, sostuvo el criterio del demandado. En enero 13, 1925, la corte dictó sentencia declarando sin lugar la demanda.

La moción para desestimar la apelación interpuesta contra la sentencia se funda en el hecho de que dicha apelación nunca fué notificada al demandado Germán Ortiz. En la vista los apelantes no alegaron seriamente que Germán Ortiz no era una parte contraria que sería afectada por la revocación de la sentencia. En verdad que la sentencia de enero 13 era tan apelable en cuanto a Germán como lo era respecto a Modesto, quien solamente fué notificado de la apelación. La sentencia y no la excepción previa exoneró a Germán.

Los apelantes sostuvieron que existía un completo abandono de la acción en cuanto a Germán y que aunque no lo hubiera, ellos renunciaron en esta corte toda intención de proceder contra él.

La posibilidad de una renuncia en esta corte no está abierta a los apelantes. La corte sólo adquiere jurisdicción por la virtud del cumplimiento con las disposiciones del Código de Enjuiciamiento Civil y en cuestiones jurisdiccionales como ésta no tenemos discreción alguna. El artículo 296 del Código de Enjuiciamiento Civil, como ha sido interpretado por nuestra jurisprudencia como condición precedente a la jurisdicción, exige la notificación a todas las partes adversas que pudieran ser afectadas por una revocación. 2 Jurisprudencia de California, páginas 119 y siguientes. Como la jurisdicción nunca la hubo, una renuncia no serviría.

En tanto se trata de los procedimientos de la corte inferior los autos no revelan una renuncia. El récord muestra únicamente una excepción previa declarada con lugar en cuanto a Germán Ortiz y no ninguna renuncia. Si la hubiera hábido, Germán Ortiz hubiera podido obtener una sentencia firme a su favor probablemente con costas.

Sabemos que éste es uno de esos casos marginales en los cuales el invocar la regla de ley produce una aparente injusticia. La ley escrita, sin embargo, es clara y en definitiva produce justicia y limita el litigio. Cuando la ley no

permite distinción no podemos hacer ninguna. Aquí antes de apelar, los apelantes pudieron haber examinado los autos y renunciado, o separado a las partes demandadas. Si hubieran notificado a Germán Ortiz de la apelación probablemente hubieran podido obtener la desestimación de la apelación en cuanto a él.

Un examen superficial de la opinión de la corte inferior nos inclina al criterio de que su sentencia no es errónea, pero *por la falta de la debida notificación la apelación debe ser desestimada.*